1  Nina Wasow (SBN 242047)
   FEINBERG, JACKSON,
2  WORTHMAN & WASOW, LLP
   2030 Addison Street, Suite 500
3  Berkeley, California 94704
   Telephone: (510) 269-7998
4  Facsimile: (510) 269-7994
   Email: nina@feinbergjackson.com

*Attorney for Plaintiff Terence Cooke*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| TERENCE COOKE, | Case No. |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| CIGNA and AECOM LONG TERM DISABILITY PLAN, | |
| Defendants | |

**JURISDICTION**

1. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

**VENUE**

2. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Defendant AECOM Long Term Disability Plan (the "Plan") is administered in part in this District, and because Defendants may be found in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

**INTRADISTRICT ASSIGNMENT**

3. This action is properly assigned to the San Francisco/Oakland Division because the Plan is administered in part in San Francisco, and because some of the events or omissions giving rise to Mr. Cooke's claim occurred in San Francisco.

**THE PARTIES AND THE PLAN**

4. At all relevant times, Plaintiff Terence Cooke ("Mr. Cooke" or "Plaintiff") was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan. Mr. Cooke resides in San Francisco, California.

5. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by AECOM.

6. At all relevant times, the Plan offered long and short-term disability benefits to employees, including Plaintiff, through an insurance policy issued by Defendant Cigna, with the group policy number FLK-0980193. At all relevant times, Cigna was responsible for making decisions on claims under the Plan.

**FACTS**

**A.   The Plan's Definition of Disability.**

7. The Plan provides that a participant is Disabled for the purposes of Short-Term

Disability ("STD") if he or she is "unable to perform the material duties of [their] Own Occupation" and "unable to earn 80% or more of [their] Covered Earnings from working in [their] Own Occupation."

8. For the purposes of Long-Term Disability ("LTD") a participant is Disabled if "solely because of Injury or Sickness," they are "unable to perform the material duties of [their] Regular Occupation" and "unable to earn 80% or more of [their] Indexed Earnings from working in [their] Regular Occupation." Further, "[a]fter Disability Benefits have been payable for 24 months, the Employee is considered Disabled due to Injury or Sickness, if [they are] unable to perform the material duties of any occupation for which [they are], or may reasonably become, qualified based on education, training, or experience; and unable to earn 80% or more of [their] Indexed Earnings."

**B.    Plaintiff's Medical Condition and Departure from Work.**

9. Mr. Cooke worked as an environmental engineering consultant for 26 years. AECOM acquired his former employer in 2014. Mr. Cooke ceased working in 2016 due to debilitating lower back pain and numbness in his right leg and foot.

10. After four unsuccessful spinal surgeries he is still unable to sit, stand, or walk for longer than one hour without experiencing severe pain. The side effects from his medications also make it very difficult for Mr. Cooke to concentrate as they cause drowsiness, dizziness and lightheadedness. Mr. Cooke also has at least two migraines per month, which often come on suddenly and require him to lie down in a dark, quiet room until he can see, speak, and think normally again, often hours later.

11. Mr. Cooke began to experience back pain in 2000. The pain grew progressively worse and by 2010 Mr. Cooke had to adjust his work habits to address near constant pain by taking more frequent breaks, using a sit-stand desk, and making ergonomic adjustments to his workstation.

12. After experiencing increasingly severe back pain and numbness in his arms and shoulders for almost ten years, Mr. Cooke underwent his first spinal surgery in 2010, a cervical fusion. In 2012 Mr. Cooke had a second spinal surgery, a lumbar microdiscectomy, to address

nerve pressure not resolved by the first surgery. After each of these surgeries, Mr. Cooke was able to return to work, but intense pain returned within a year of each.

13. In 2015 or earlier, Mr. Cooke also began experiencing severe migraines. These headaches occur suddenly and can last up to two to three days. The migraines cause disturbances in Mr. Cooke's vision and often disorient him, making it difficult to speak or think for up to twenty-four hours.

14. In his last two years at AECOM, Mr. Cooke mostly worked from home. Because of his pain and mobility issues, he couldn't travel well, even to the office. His back pain was so severe and distracting that he had to wait for a "good" day to get any real work done. On "bad" days, Mr. Cooke could only triage emails and do the minimal amount of work necessary to deal with immediate deadlines.

15. In September 2016, Mr. Cooke took an administrative leave because of severe low-back pain. Mr. Cooke has not been able to return to work since then because of worsening back pain and new symptoms in his low back and legs.

16. Despite weekly acupuncture sessions for most of 2017 and approximately eight epidural blocks, Mr. Cooke remained in excruciating pain. On December 19, 2017, Mr. Cooke underwent his third spinal surgery, a lumbar laminectomy. Less than three months after surgery, Mr. Cooke described his pain as, "throbbing, shooting, stabbing, cutting, pinching, pulling, burning, stinging, hurting, rasping, tiring, sickening, fearful, cruel, wretched, miserable, piercing, tearing, and agonizing." He could not sit or stand for more than ten minutes without increasing pain. After several more ineffective epidurals, his treating physician recommended a fusion procedure to stabilize Mr. Cooke's spine.

17. In March 2018, Mr. Cooke reported an increased frequency in migraines. Sometimes the headaches cause numbness which impair Mr. Cooke's balance, and Mr. Cooke fell three times in 2019 as a result.

18. On June 27, 2018, Mr. Cooke had his most recent spinal surgery, a lumbar fusion. Six months after surgery, Mr. Cooke had gotten off of narcotics but continued to report pain down his thigh and into his foot.

**C.     Mr. Cooke Continues to Be Disabled by Back Pain and Migraines.**

19.     Mr. Cooke's treating physicians have repeatedly opined that Mr. Cooke's restrictions are permanent and that he is "100% disabled" and unable to work in any occupation due to his limited sitting, standing, and walking tolerance.

20.     Mr. Cooke has been diagnosed with post-laminectomy syndrome, lumbar radiculopathy, non-allopathic lesions of the thoracic region, and non-allopathic lesions of the sacral region.

21.     Mr. Cooke had another epidural steroid injection on January 13, 2020, but it gave him little relief.

22.     In May 2020, Mr. Cooke returned to physical therapy with the following treatment goals: "be able to tolerate sitting, and/or driving for 25 minutes" and "be able to walk 8 blocks distance" within twelve weeks. During a telehealth visit with his physical therapist, Mr. Cooke complained of constant low back pain, pain in his right buttock, numbness/tingling, and some weakness in his right lower extremity. Aggravating factors included walking several blocks and standing for less than ten minutes.

23.     Mr. Cooke also underwent a two-day Functional Capacity Assessment on July 28 and 29, 2020 at the Center for Career Evaluations.

24.     The examiner found that Mr. Cooke's pain limited his range of motion and prevented him from maintaining a workstation on a regular and consistent basis, that Mr. Cooke could only type a maximum of eleven words per minute and became increasingly fatigued throughout the keyboarding assessment, had lower than expected performance on the logical problem-solving abilities, computer programming, and proofreading tests due to increasing low-back, hip and foot pain, and that he had put forth consistent effort throughout the testing.

25.     Based on this assessment, the examiners opined that Mr. Cooke was unable to "maintain a consistent work routine" demonstrated by his "inability to maintain appropriate pace and persistence due to pain and physical stamina limitations." They observed that Mr. Cooke had "a variety of physical, mental stamina, and concentration problems" during the simulated job activities. Ultimately, examiners concluded that Mr. Cooke "does not currently possess the

physical tolerances . . . and does not exhibit an ability to perform any full-time occupation consistent with his age, education, training, experience, and physical and mental capacity."

26. Indeed, Mr. Cooke struggles with the activities of daily living as a result of his chronic back pain and migraines. He cannot do any cleaning, cooking, dishwashing, or grocery shopping. His partner, 80 year-old Wayne Sanders, performs all of the chores. Lifting items into a shopping cart and carrying groceries to the car and up the stairs is too much for Mr. Cooke. Dr. Sanders observed that Mr. Cooke cannot stay in the same position for more than thirty minutes and cannot do simple things for himself, like scoop ice cream because of his back pain. Dr. Sanders also observed that if Mr. Cooke pushes himself by, for example, driving thirty minutes to visit family, he will be in severe pain for several days afterwards.

27. Mr. Cooke is unable to sit for more than one hour and is unable to sustain persistent concentration due to his chronic pain.

28. In denying Mr. Cooke's claim, Cigna erroneously relied on the flawed reviewing physician opinion of Dr. Grattan and the derivative opinions put forth by Drs. Govil and Kao. Cigna also improperly discounted Mr. Cooke's SSDI award in April 2019 and erroneously dismissed his chronic pain, migraines, and the side effects of his medications.

**D.     Cigna's Denial of Plaintiff's Benefits.**

29. Mr. Cooke received STD benefits from September 26, 2016 to December 31, 2017, but Cigna denied his STD claim from January 1, 2017 through March 15, 2017. By letter dated November 18, 2016, Cigna notified Mr. Cooke that his STD benefits claim would be closed for failure to submit medical documentation. Mr. Cooke appealed this decision and submitted additional documentation on September 13, 2017, but Cigna denied this appeal by letter dated November 14, 2017 and determined that no STD benefits were payable as of January 1, 2017. Mr. Cooke submitted a second appeal on February 5, 2019, which Cigna denied on March 15, 2019.

30. Mr. Cooke's claim for LTD benefits was approved by Cigna for the period of March 16, 2017 through May 15, 2019. However, by letter dated July 31, 2019, Cigna determined that Mr. Cooke was no longer disabled under the Plan and thus his payments would end on July 7, 2019. Mr. Cooke appealed this decision by letter dated December 30, 2019, and Cigna denied his

appeal on March 5, 2020.

31. Mr. Cooke submitted a second appeal of Cigna's denial of his claim for LTD benefits on October 2, 2020, which also reasserted his appeal of the final STD determination. Cigna notified Mr. Cooke of new evidence it had generated in a letter dated February 12, 2021. Mr. Cooke submitted a supplement to his appeal, responding to Cigna's new evidence, on May 21, 2021. Cigna denied the second appeal by letter dated June 3, 2021, finding no functional impairments from July 31, 2019 forward.

32. Plaintiff has exhausted his administrative remedies.

33. At all relevant times, Plaintiff has been disabled within the meaning of the Plan.

## CLAIM FOR RELIEF
### (ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B))
### (Claim for Benefits)

34. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 33 as though fully set forth herein.

35. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to his under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

36. At all relevant times, Mr. Cooke has been entitled to short and long-term disability benefits under the Plan for his disabling conditions.

37. By terminating Plaintiff's STD benefits and denying Plaintiff's application for LTD benefits under the Plan, and by related acts and omissions, Cigna has violated, and continues to violate, the terms of the Plan and Mr. Cooke's rights thereunder.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendants have violated the terms of the Plan by denying Mr. Cooke's claim for short-term disability benefits from January 1, 2017 to March 15, 2017 and his claim for long-term disability benefits from July 31, 2019, to the date of judgment;

     B.     Order Defendants to pay short-term disability benefits to Plaintiff pursuant to the terms of the Plan from January 1, 2017 to March 15, 2017 and long-term disability benefits to Plaintiff pursuant to the terms of the Plan from July 31, 2019 through the date judgment is entered herein, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

     C.     Declare Plaintiff's right to receive future long-term disability benefit payments under the terms of the Plan;

     D.     Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

     E.     Provide such other relief as the Court deems equitable and just.

Dated: August 30, 2021

Respectfully submitted,

FEINBERG, JACKSON,
WORTHMAN & WASOW, LLP

By: */s/ Nina Wasow*
    Nina Wasow
    Attorney for Plaintiff